**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**DONNELL FLOYD,**

        **Plaintiff,**                          CIVIL ACTION NO. 17-cv-10938

        v.                                 DISTRICT JUDGE TERRENCE G. BERG

**EXIT STRATEGY LLC, IAN L.**        MAGISTRATE JUDGE MONA K. MAJZOUB
**GROSS, and TEAM LBR LLC,**

        **Defendants.**
_____/

## REPORT AND RECOMMENDATION

Plaintiff Donnell Floyd, proceeding *pro se*, commenced this action against Defendants Exit Strategy LLC, Ian L. Gross, and Team LBR LLC on March 24, 2017. (Docket no. 1.) In the Complaint, Plaintiff seemingly challenges eviction proceedings related to real property located at 11415 Balfour Road in Detroit, Michigan. (*See id.*) Before the Court are Defendants' Motion to Dismiss (docket no. 13) and Plaintiff's Motion to Stay Eviction (docket no. 15). Plaintiff did not respond to Defendants' Motion, and the time for response has passed. Defendants, however, filed a Response to Plaintiff's Motion. (Docket no. 17.) This matter has been referred to the undersigned for all pretrial purposes. (Docket no. 7.) The undersigned has reviewed the pleadings, dispenses with a hearing pursuant to Eastern District of Michigan Local Rule 7.1(f)(2), and issues this Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).

**I.     RECOMMENDATION**

For the reasons that follow, it is recommended that Defendants' Motion to Dismiss (docket no. 13) be **GRANTED** insofar as Defendants seek dismissal of Plaintiff's claims against them and **DENIED** insofar as Defendants seek the costs and attorney fees that they incurred in defending this action.  In light of this recommendation, it is further recommended that Plaintiff's Motion to Stay Eviction (docket no. 15) be **DENIED** and that this matter be dismissed in its entirety.

**II.    REPORT**

**A.     Background**

The factual background of this matter is not evident from a reading of Plaintiff's Complaint.  (*See* docket no. 1; docket no. 3.)  Accordingly, the following information is gleaned from Defendants' brief in support of their Motion to Dismiss and the exhibits attached thereto.  (*See* docket no. 13 at 13-17; docket nos. 13-2 to 13-11.)  The defendants in this matter are Exit Strategy LLC, which owns the residential property located at 11415 Balfour Road in Detroit, Michigan; Team LBR LLC, which is Exit Strategy, LLC's property management company; and Ian L. Gross, an attorney and member of the law firm Joelson Rosenberg PLC, who, along with other members of the law firm, has represented Exit Strategy and Team LBR in prior state-court actions involving Plaintiff, and he also represents them in this matter.

On August 23, 2016, Exit Strategy and Team LBR (the LLC Defendants), through the Joelson Rosenberg law firm, initiated eviction proceedings against Plaintiff in Michigan's 36th Judicial District Court for illegally squatting at the Balfour property (Case no. 16-321207).  The proceedings were dismissed without prejudice.  Following those proceedings, Plaintiff forged a court order quieting title to the property, and he recorded a deed with the Wayne County Register

of Deeds conveying the property from himself to himself. Plaintiff then filed a complaint against the LLC Defendants in Michigan's Third Judicial Circuit Court in Wayne County on August 31, 2016, seeking to quiet title to the Balfour property on the basis that he acquired it through adverse possession (Case no. 16-011198-CH). While that case was pending, Plaintiff filed a complaint against the LLC Defendants in the 36th District Court alleging that they committed fraud, caused him mental anguish, and damaged his reputation by bring the eviction proceedings against him (Case no. 16-119397-GC). Defendants filed motions for summary disposition in both cases, which motions were granted, and Plaintiff's claims were dismissed with prejudice. Defendant Exit Strategy again brought eviction proceedings against Plaintiff in the 36th District Court on February 27, 2017 (Case no. 17-305457-LT), through which it obtained a judgment of possession of the Balfour property and a money judgment in the amount of $7,405.00 against Plaintiff on March 20, 2017. The possession judgment indicated that Exit Strategy could apply for an order of eviction if Plaintiff did not vacate the property by March 31, 2017.

Plaintiff then filed the instant form Complaint in this court on March 24, 2017. (Docket no. 1.) In the section of the Complaint that asks Plaintiff to write a short and plain statement of his claims, Plaintiff refers the court to the "Amended Complaint and Status" that he filed in 36th District Court Case nos. 16-321207, 16-119397, and 17-305457, and Wayne County Circuit Court Case no. 16-011198-CH. (Docket no. 1 at 5.) In the "Amended Complaint and Status," Plaintiff asserts that he is of Native American heritage, and he claims that the United States and the Department of Justice violated his Native American treaty rights. (Docket no. 1 at 10-11.) In the conclusion section of the "Amended Complaint and Status," Plaintiff makes six enumerated statements, which are summarized as follows: (1) Plaintiff asks Wayne County Circuit Court Judge Martha M. Snow to be the fiduciary and reserve all of the rights under Uniform

3

Commercial Code §§ 1-207 and 1-308; (2) Plaintiff states that anyone acting under the color of law can be sued under 42 U.S.C. § 1983, and he explains that the reason he is asking for money damages is because he thinks "a message should be sent to everyone in North America that you should not rape, murder, pillage or do treason, sedition, involuntary servitude, slavery, terrorism, fraud, extortion, grand theft, robbery, conspiracy and racketeering against a Native American Moor;" (3) Plaintiff states that a party can be held liable for taking advantage of another's ignorance of the law and for deceiving him by concealment or misrepresentation; (4) he states that fraud "vitiates the most solemn contracts, documents, and even judgments," and then he recites the definition of fraud; (5) Plaintiff purports to provide two additional definitions of fraud; and (6) Plaintiff asserts that he is seeking $250,000.00 in "compensation" under 42 U.S.C. § 1983. (*Id*. at 11-12.)

In the section of the instant form Complaint that asks Plaintiff to state the damages or other relief he seeks, Plaintiff indicates that he seeks a stay of the March 31, 2017 eviction resulting from the March 20, 2017 state-court judgment;[1] he references alleged default judgments that were filed in two of the state-court cases; and he seeks "punitive damages as remedy for affecting [his] health." (Docket no. 1 at 6.) Additionally, in the portion of the form Complaint where he is required to explain the amount in controversy, Plaintiff states that he is seeking compensation under 42 U.S.C. § 1983 in the amount of $250,000.00 and fee simple interest in the Balfour property. (*Id*. at 5.)

### B. Governing Law

Defendants move to dismiss the Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (Docket no. 13.) A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) challenges the court's subject matter jurisdiction by attacking the claim on its

---

[1] The eviction has since taken place, on April 25, 2017. (Docket no. 17 at 8-9.)

4

face, in which case all factual allegations of the plaintiff must be considered as true, or by attacking the factual basis for jurisdiction. *DLX, Inc. v. Kentucky*, 381 F.3d 511, 516 (6th Cir. 2004). If the factual basis for jurisdiction is challenged, the court must weigh the evidence, and the plaintiff bears the burden of proving jurisdiction. *Id.*

When deciding a motion under Rule 12(b)(6), the court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007); *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 619 (6th Cir. 2002). The plaintiff must provide "'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957) (quoting Fed. R. Civ. P. 8(a)(2)). But this statement "must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The plaintiff cannot rely on "legal conclusions" or "[t]hreadbare recitals of the elements of a cause of action;" instead, the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This "facial plausibility" is required to "unlock the doors of discovery." *Id.* To make this determination, the *Iqbal* Court set out the following two-step analysis:

> [A] court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Id.* at 679.

"When a court is presented with a Rule 12(b)(6) motion, it may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008) (citation omitted).

**C.	Analysis**

Defendants move to dismiss Plaintiff's Complaint on the bases that the court lacks subject matter jurisdiction over Plaintiff's claims in this matter; Plaintiff's claims are barred by *res judicata*; and Plaintiff has failed to state a claim against Defendants upon which relief can be granted under 42 U.S.C. § 1983. (Docket no. 13.) The Court will address each of the asserted grounds for dismissal below.

*1.	Subject Matter Jurisdiction*

Plaintiff asserts that the court has federal question jurisdiction of this matter under Article 6 of the United States Constitution. (Docket no. 1 at 4.) Federal question jurisdiction exists in "'only those cases in which a well-pleaded Complaint establishes either that federal law creates the cause of action or that the plaintiffs right to relief necessarily depends on resolution of a substantial question of federal law.'" *Thornton v. Sw. Detroit Hosp.*, 895 F.2d 1131, 1133 (6th Cir. 1990) (quoting *Franchise Tax Board v. Construction Laborers Vacation Trust,* 463 U.S. 1, 27–28 (1983)). Article 6 of the Constitution, *a.k.a.*, the Supremacy Clause,[2] "is not a source of any federal rights," and it "certainly does not create a cause of action." *Golden State Transit Corp. v. City of Los Angeles*, 493 U.S. 103, 107 (1989); *Armstrong v. Exceptional Child Ctr.,*

---

[2] The Supremacy Clause, Art. VI, cl. 2 of the United States Constitution provides:
"This Constitution, and the Laws of the United States which shall be made in Pursuance thereof; and all Treaties made, or which shall be made, under the Authority of the United States, shall be the supreme Law of the Land; and the Judges in every State shall be bound thereby, any Thing in the Constitution or Laws of any State to the Contrary notwithstanding."

6

*Inc.*, 135 S. Ct. 1378, 1383, 191 L. Ed. 2d 471 (2015). Moreover, as Defendants argue, Plaintiff has not pleaded any facts or allegations against Defendants that implicate Article 6 of the Constitution. (*See* docket no. 13 at 23.) Accordingly, Plaintiff's Complaint should be dismissed for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1).

Additionally, to the extent that Plaintiff filed this action to challenge the 36th District Court's March 20, 2017 Possession Judgment entered against Plaintiff in favor of Defendant Exit Strategy, the court lacks subject matter jurisdiction over Plaintiff's claims under the *Rooker-Feldman* doctrine. The *Rooker-Feldman* doctrine raises a jurisdictional bar that prohibits a federal district court from engaging in appellate review of state-court judgments. *See Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983). The United States Supreme Court has since clarified the scope of the *Rooker-Feldman* doctrine, holding that it is confined to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). In light of *Exxon*, the Sixth Circuit explained that the relevant inquiry in determining whether a claim falls within the scope of the *Rooker-Feldman* doctrine "is the source of the injury the plaintiff alleges in the federal complaint." *McCormick v. Braverman*, 451 F.3d 382, 393 (6th Cir. 2006). "If the source of the injury is the state court decision, then the *Rooker-Feldman* doctrine would prevent the district court from asserting jurisdiction. If there is some other source of injury, such as a third party's actions, then the plaintiff asserts an independent claim." *Id*. An independent claim will not divest a federal district court of subject matter jurisdiction, even if it may deny a legal conclusion of the state court. *Id*. at 392. To determine the source of the injury, a court must refer to the plaintiff's request for relief. *Berry v.*

7

*Schmitt,* 688 F.3d 290, 299 (6th Cir. 2012) (quoting *Evans v. Cordray*, 424 F. App'x 537, 539 (6th Cir. 2011)).

Here, as relief, Plaintiff seeks, among other things, a "stay of eviction that has been entered as of 3-20-17 judgement set for eviction on 3-31-17." (Docket no. 1 at 6.) He also purports to seek a fee simple interest in the Balfour property. (*Id.* at 5.) Plaintiff's prayer for relief makes clear that the 36th District Court's March 20, 2017 Possession Judgment is a source of his injury, and to grant the relief that he seeks in this instance would require the court to reverse a state-court decision. This is precisely the type of federal district court action prohibited by the *Rooker-Feldman* doctrine. Accordingly, to the extent that Plaintiff seeks federal reversal of the state-court Possession Judgment and a stay of the eviction resulting from the Judgment, dismissal of this matter under the *Rooker-Feldman* doctrine is appropriate. *See Colbert v. Fed. Nat. Mortg. Ass'n*, No. 12-13844, 2013 WL 1629305, at *7 (E.D. Mich. Apr. 16, 2013) (quoting *Givens v. Homecomings Fin.*, 278 F. App'x 607, 609 (6th Cir. 2008)).

    2.  *Res Judicata*

Even assuming that the Court does have subject matter jurisdiction in this matter, Plaintiff's claims are barred under principles of *res judicata*. Under the Full Faith and Credit Act, 28 U.S.C. § 1738, "'[f]ederal courts must give the same preclusive effect to a state-court judgment as that judgment receives in the rendering state.'" *Buck v. Thomas M. Cooley Law Sch.*, 597 F.3d 812, 816-17 (6th Cir. 2010) (quoting *Abbott v. Mich.,* 474 F.3d 324, 330 (6th Cir. 2007)). Therefore, a federal court must look to the law of the rendering state in determining any preclusive effect. *Hapgood v. City of Warren*, 127 F.3d 490, 493 (6th Cir. 1997) (citing *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984)).

In Michigan, the doctrine of *res judicata* bars a second, subsequent action "when (1) the prior action was decided on the merits, (2) both actions involve the same parties or their privies, and (3) the matter in the second case was, or could have been, resolved in the first." *Adair v. Michigan*, 680 N.W.2d 386, 396 (Mich. 2004) (citing *Sewell v. Clean Cut Mgmt., Inc.*, 621 N.W.2d 222, 225 (Mich. 2001). Michigan courts take a broad approach to this doctrine and find that it bars not only claims already litigated, but also "every claim arising from the same transaction that the parties, exercising reasonable diligence, could have raised but did not." *Id*. (citation omitted).

Here, Plaintiff filed a complaint against Team LBR, LLC in the Wayne County Circuit Court, Case no. 16-011198-CH, on August 31, 2016, seeking to quiet title to the Balfour property on the basis that he had acquired it through adverse possession. (Docket no. 13-5.) Plaintiff then filed an "Amended Complaint and Status" in that case, which added Exit Strategy, LLC as a defendant. (Docket no. 13-6.) Wayne County Circuit Court Judge Martha M. Snow granted Defendants' Motion for Summary Disposition of that complaint, as amended, on February 16, 2017. (Docket no. 13-7.) Plaintiff then filed the instant Complaint in this court on March 24, 2017, and his Statement of Claim in its entirety is a reference to the "Amended Complaint and Status" that he filed in the Wayne County Circuit Court Case, no. 16-011198-CH. (Docket no. 1 at 5.)

In applying Michigan's doctrine of *res judicata* to these facts, Plaintiff's instant claims against Defendants are necessarily barred from the court's review, for the following reasons. First, the requirement that the prior action be decided on the merits is satisfied, as the granting of a motion for summary disposition operates as an adjudication on the merits under Michigan law. *See Al-Shimmari v. Detroit Med. Ctr.*, 731 N.W.2d 29, 36-38 (Mich. 2007) (citing Michigan

9

Court Rule 2.504(B)(3)). Next, the requirement that both actions involve the same parties or their privies is also satisfied: Plaintiff was the plaintiff in the state-court action; Defendants Team LBR, LLC and Exit Strategy, LLC were defendants in the state-court action; and Defendant Gross is in privity with the LLC Defendants, as attorneys are considered privies of their clients for the purposes of *res judicata* under Michigan law. *See Lintz v. Credit Adjustments, Inc.*, No. 07-11357, 2008 WL 835824, at *4 (E.D. Mich. Mar. 28, 2008) (citations omitted). Finally, the third requirement of Michigan's *res judicata* doctrine is met because Plaintiff makes the exact same claims in this matter as he did in Wayne County Circuit Court Case no. 16-011198-CH, *i.e.*, he relies solely on his "Amended Complaint and Status" in the Wayne County Circuit Court case to make his statement of claims in this matter, and those claims have already been resolved by Judge Snow. Plaintiff's claims are therefore barred by *res judicata*.

### 3. Failure to State a Claim

To the extent that Plaintiff's claims are not subject to dismissal for lack of subject matter jurisdiction or *res judicata*, they should be dismissed for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). Although Plaintiff makes references to 42 U.S.C. § 1983, the nature of his asserted claim or claims under that statute is unintelligible. To prevail on a § 1983 claim, a plaintiff must prove "that (1) a person, (2) acting under color of state law, (3) deprived the plaintiff of a federal right." *Berger v. City of Mayfield Heights*, 265 F.3d 399, 405 (6th Cir. 2001) (citations omitted). Here, Plaintiff does not allege that Defendants were acting under color of state law (they were not), nor does he allege that Defendants deprived him of a federal right. In fact, Plaintiff makes no allegations whatsoever against Defendants, either in the form Complaint or in the "Amended Complaint and

Status." Accordingly, Plaintiff's Complaint fails to state a claim upon which relief can be granted, and it should be dismissed under Federal Rule of Civil Procedure 12(b)(6).

### D. Conclusion

For the above-stated reasons, the court should (1) **GRANT** Defendants' Motion to Dismiss (docket no. 13) insofar as Defendants seek dismissal of Plaintiff's claims against them and **DENY** the Motion insofar as Defendants seek the costs and attorney fees that they incurred in defending this action; (2) **DENY** Plaintiff's Motion to Stay Eviction (docket no. 15); and (3) dismiss this matter in its entirety.

### III. NOTICE TO PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Eastern District of Michigan Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *U.S. v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than fourteen days after service of an objection, the opposing party must file a concise

11

response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: January 16, 2018      s/ Mona K. Majzoub
                                             MONA K. MAJZOUB
                                             UNITED STATES MAGISTRATE JUDGE

**PROOF OF SERVICE**

I hereby certify that a copy of this Report and Recommendation was served upon Plaintiff Donnell Floyd and counsel of record on this date.

Dated: January 16, 2018      s/ Leanne Hosking
                                             Case Manager